IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARIANO V. HERNANDO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PATRICIA HAMAMOTO, )<br>KATHLEEN WATANABE, MARIE )<br>LADERTA, CINDY INOUYE, )<br>GERALD OKOMOTO, FEY IKEI, )<br>SUSAN KITSU, MARIE )<br>BURGHART, EILEEN KUPIHEA, )<br>CAROLYN LOVELYN, IRIS )<br>HENDERSON, KATHLEEN )<br>O'MALLEY, PAULA WONG, )<br>ERIC SHIMABUKURO, each )<br>person being sued in her/is individual )<br>capacity, JOHN DOE 1-50; JANE )<br>DOE 1-50; DEPARTMENT OF )<br>EDUCATION and DEPARTMENT )<br>OF HUMAN RESOURCES )<br>DEVELOPMENT, for equitable )<br>relief only, )<br>)<br>Defendants. )<br>)<br>_____ ) | CV. NO. 07-00620 DAE BMK |

ORDER GRANTING DEFENDANTS GERALD OKAMOTO, FAY IKEI, AND LOVELYN CLARION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendants Gerald Okamoto, Fay Ikei, and Lovelyn Clarion's[1] Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") (Doc. # 24) and DENIES AS MOOT Plaintiff's Motion for Partial Summary Judgment on the Issue of the Lack of Validity of the DHRD Policies in Question ("MSJ") (Doc. # 30).

BACKGROUND

The parties are familiar with the underlying facts of this case so the Court only recounts those necessary to its immediate determination. Plaintiff was employed as a Behavioral Health Specialist ("BHS") with the Department of Education ("DOE") from November 2001 to June 2003. Plaintiff's position was originally exempt from the State's civil service system but was converted to civil service in 2003, which resulted in Plaintiff's termination.

---

[1] Plaintiff misidentifies Defendant Fay Ikei as "Fey Ikei" and Defendant Lovelyn Clarion as "Carolyn Lovelyn" in the caption of the Complaint. The Court uses the correct spellings herein.

Between 2004 and 2006, Plaintiff applied for, but was denied, several BHS positions with DOE.  On some of these occasions, Plaintiff was interviewed.  Subject to a DOE internal policy providing that an applicant may not be re-interviewed for a position if that applicant has been previously interviewed within the preceding six months, Plaintiff was not interviewed on other occasions.  Instead, DOE considered Plaintiff's scores from previous interviews.

On December 26, 2007, Plaintiff filed his Complaint asserting various constitutional and statutory violations associated with the decision not to re-interview and hire him.  On February 6, 2008, Defendants DOE, the Department of Human Resources Development ("DHRD"), Cindy Inouye, Paula Wong, Iris Henderson, Patricia Hamamoto, Kathleen O'Malley, and Susan Kitsu (collectively, "DOE Defendants") filed a motion to dismiss the Complaint.  On March 17, 2008, Defendants Kathleen Watanabe, Marie Laderta, Aileen Kupihea, Alan Shimabukuro, and Marie Burghardt (collectively, "Watanabe Defendants") similarly filed a motion to dismiss.

This Court held a hearing on the motions to dismiss on April 21, 2008.  On April 29, 2008, this Court granted both DOE Defendants and Watanabe Defendants' motions (Doc. # 21) (the "April 29 Order"), finding that: (1) the

applicable statute of limitations barred all of Plaintiff's claims premised upon events that occurred before December 27, 2005; and (2) Plaintiff's remaining § 1983 and § 1985 claims were meritless because Plaintiff could not establish a violation of his constitutional rights.  The Court also declined supplemental jurisdiction over Plaintiff's State law claims and dismissed those claims without prejudice.

On May 23, 2008, Defendants Gerald Okamoto, Fay Ikei, and Lovelyn Clarion (collectively, "Defendants") filed the instant Motion to Dismiss (Doc. # 24).  Defendants did not join in either of the two previous motions to dismiss because Plaintiff had not yet properly served them.[2]  On June 12, 2008, Plaintiff opposed Defendants' Motion (Doc. # 27), to which Defendants replied on July 18, 2008 (Doc. # 29).[3]  On July 23, 2008, Plaintiff filed his MSJ, in which he moves for partial summary judgment on the issue of the lack of validity of the DHRD policies in question.

---

[2] On April 23, 2008, Plaintiff moved to enlarge time to serve Okamoto and Clarion.  This Court granted this motion on April 28, 2008.

[3] Attached to Plaintiff's opposition were several exhibits, which Plaintiff supplemented with additional exhibits on June 16, 2008.  Because the instant Motion is a motion to dismiss and these exhibits were unnecessary to the Court's findings herein, the Court disregards Plaintiff's exhibits.

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 1966. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. See id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

I. <u>The Motion to Dismiss</u>

Defendants argue that: (1) Plaintiff's allegations, even if all true, fail to state a claim upon which relief can be granted; (2) there has been no violation of Plaintiff's constitutional rights; (3) Plaintiff has not alleged the requisite personal participation for § 1983 liability; (4) Plaintiff has not alleged sufficient facts to support a § 1985 conspiracy; and (5) the applicable statute of limitations bars all claims arising before December 26, 2005.

Before turning to its analysis, the Court notes that the factual allegations and claims Plaintiff brings against these Defendants are identical to those brought against DOE and Watanabe Defendants, which this Court dismissed in the April 29 Order. Moreover, Plaintiff's Complaint does not identify any specific acts or personal involvement attributable to Okamoto and Ikei and, instead, references them in the caption only. With respect to Clarion, Plaintiff's sole allegation against her is that she was among the group of defendants who did not select Plaintiff after his January 27, 2004 interview and that she did not advise him of his appeal rights.[4] Finally, Defendants' arguments here are identical to

---

[4] As discussed in more depth below, the statute of limitations bars Plaintiff's claims arising out of incidents occurring before December 26, 2005. Accordingly,
(continued...)

those successfully raised by DOE and Watanabe Defendants in their respective motions.

For the same reasons set forth in its April 29 Order and as detailed below, this Court again finds that dismissal of Plaintiff's claims is appropriate with respect to Defendants here.

A. Statute of Limitations

"Because § 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims." Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000). In Hawai`i, the statute of limitations for personal injury claims is two years. See HRS § 657-7. Section 1983 claims begin to run when the plaintiff knows or should have known of the injury. Johnson, 207 F.3d at 653. See, e.g., Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001); RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).

Here, all of the events of which Plaintiff complains, with the exception of the interviews that occurred on December 27, 2005 and March 15, 2006, took place more than two years prior to the filing of Plaintiff's Complaint on

---

⁴(...continued)
none of Plaintiff's allegations against Clarion can survive dismissal.

December 27, 2007. There is no indication in the Complaint that Plaintiff was unaware of the alleged injury. In fact, Plaintiff's training as an attorney should have alerted him to any perceived constitutional injury. The Court finds that the statute of limitations bars all of Plaintiff's claims premised on events that occurred before December 27, 2005, and therefore GRANTS Defendants' Motion with respect to these allegations.

B. Substantive Merits of Plaintiff's Section 1983 Claims

"To establish that a state official is personally liable in an action under 42 U.S.C. § 1983, a plaintiff must show that 'the official, acting under color of state law, caused the deprivation of a federal right.'" Spoklie v. Montana, 411 F.3d 1051, 1060 (9th Cir. 2005) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)). Courts must determine: "(1) what right has been violated; (2) whether that right was so 'clearly established' at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged conduct was lawful." Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir. 1998), cert. denied, 525 U.S. 1016 (1998).

As to the first inquiry, Plaintiff asserts violations of his due process, equal protection, and First Amendment rights. Defendants argue, and this Court concurs, that all of these claims are substantively meritless.

8

1. Due Process

As stated in the April 29 Order, Plaintiff's constitutional claims are difficult to discern. Apparently, Plaintiff argues that he was deprived of a constitutional property interest when he was barred from participating in the Internal Complaint Process ("ICP") established by Policy No. 300.003 (the "Policy"), which provides a complaint mechanism for applicants who are not selected for State civil service positions. Furthermore, Plaintiff apparently avers that DOE and/or DHRD failed to publish the Policy in violation of State law and in abrogation of Plaintiff's constitutional property interests. Plaintiff states that "[w]ithholding the critical appeals rights is the equivalent of extinguishing Plaintiff's constitutional property interest by barring access to the ICP process which is a condition precedent for eligibility or jurisdiction of Merit Appeals Board proceedings." (Complaint ¶ 18.)

The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). A § 1983 claim based upon procedural due process[5] thus has three elements: (1) a liberty or property

---

[5] The Due Process Clause is comprised of procedural due process rights and substantive due process rights. To establish a substantive due process claim, a
(continued...)

interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process. Id. The Due Process Clause does not create substantive rights in property; the property rights are defined by reference to state law. Id. As Plaintiff does not allege a deprivation of a liberty interest here, the Court directs its analysis at whether Plaintiff has alleged the deprivation of a constitutionally protected property interest.

As best as this Court can determine, it appears Plaintiff alleges that he has a cognizable property interest subject to constitutional protection in: (1) an interview for employment; (2) notice of appeals processes; and (3) employment with DOE. Plaintiff is incorrect.

To have a property interest in a benefit, a person must have more than an abstract need, desire, or unilateral expectation for it. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). The person must, instead, have a "legitimate claim of entitlement to it." Id. Property interests are not created by the Constitution but,

---

[5](...continued)
plaintiff must establish as a threshold matter a government deprivation of life, liberty, or property. Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998). The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity. Id. n. 4 (internal quotation and citation omitted). Accordingly, the Court focuses its discussion on Plaintiff's allegation of a deprivation of a property interest secured by procedural due process.

rather, are created and defined by "existing rules or understandings that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id.  In the context of employment, a government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the position.  Portman, 995 F.2d at 904 (internal citation omitted).  If, under state law, employment is at-will, then there is no property interest in the job.  Id.  In fact, an individual does not have a constitutionally protected right in a promotion.  Nunez, 147 F.3d at 871-72.

With regard to Plaintiff's allegation that he was deprived of his due process rights by DOE's failure to grant him an additional interview, Plaintiff has not provided nor can the Court locate any authority supporting this proposition.  Moreover, Plaintiff interviewed for a BHS position on five occasions prior to April 2006, when he was denied an interview.  In fact, Plaintiff was interviewed on March 15, 2005, mere weeks before the decision not to interview him again occurred.  As such, Plaintiff was not deprived of an interview; he was merely not afforded an opportunity for yet another interview.  Even if Plaintiff could somehow demonstrate that there was a constitutionally protected interest in an interview, Plaintiff cannot show that he was deprived therefrom.

Plaintiff's claim that DOE's failure to alert him to his rights of appeal caused a deprivation of his due process rights is also unavailing. First, the Court cannot locate any authority suggesting that there is a constitutionally protected property interest in receiving published notice of the internal complaint process of an employer from whom one seeks employment. Second, as the Policy itself describes, there exists a forum for appeal through the ICP process and Merit Appeals Board and, as such, Plaintiff was not deprived of any due process right. Plaintiff does not allege that process was unavailable, merely that he was not personally aware of it. While the failure to inform Plaintiff of his ability to appeal might reflect poorly on DOE and DHRD, it does not rise to the level of a constitutional violation. Plaintiff, a licensed attorney, could have easily discovered the appeal policy had he chosen to inquire about it.

Third, as to Plaintiff's claim that DOE was required to print and publish the relevant policies pursuant to HRS § 1-2,[6] Plaintiff's interpretation of this statute is incorrect. HRS § 1-2 states in relevant part: "No written law, unless otherwise specifically provided by legislative enactment . . . shall be obligatory without first being printed and made public." HRS § 1-2 therefore does not require

---

[6] While technically outside the bounds of its discussion on protected property interests, the Court addresses Plaintiff's interpretation of HRS ¶ 1-2 because it is intertwined with his due process argument.

the printing and publishing of laws as Plaintiff contends but, rather, requires printing and publishing of certain laws in order to make them obligatory. Notwithstanding the fact that the Policy is not a law but, instead, an internal departmental policy, Plaintiff's reading of HRS § 1-2 to impose a requirement on DOE to publish the Policy is not supported by the plain language of the statute. Plaintiff had no protected property interest in being notified of DOE's internal appeals process.

    Finally, Plaintiff apparently seeks injunctive relief in the form of appointment to a BHS position. (Complaint ¶ 1.) As stated previously, Plaintiff has no protected property interest in a job for which he is merely applying. See Portman, 995 F.2d at 904. Plaintiff does not allege that he had a protected property interest in maintaining his original employment status and, as a result, the Court does not address that issue here.[7] The Court finds, however, that Plaintiff does not have a protected property interest in employment with DOE as pled in his Complaint.

---

[7] The Court also notes that this argument would apparently suffer from a statute of limitations problem had Plaintiff raised it because his employment with DOE concluded in June 2003.

Based on the foregoing discussion, to the extent Plaintiff's § 1983 claims are premised upon due process violations, Defendants' Motion is hereby GRANTED and Plaintiff's claims are dismissed.

### 2. Equal Protection

Plaintiff apparently claims that he was denied equal protection by: (1) not being hired for a BHS position; (2) DOE's failure to print the Policy; and (3) Defendants' retaliation against him in not inviting him to interview after he had complained to Hamamoto.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted); see also Benigni v. City of Hemet, 879 F.2d 473, 477 (9th Cir. 1988) (citing Wayte v. United States, 470 U.S. 598, 608 (1985)).

Plaintiff has not alleged that he is a member of a protected class. Even if he was, Plaintiff has not alleged that the Defendants' actions were done with discriminatory intent or based on an unlawful standard or protected category. Accordingly, to the extent Plaintiff's § 1983 claims are based upon the Equal

Protection Clause, Defendants' Motion is GRANTED and Plaintiff's claims are dismissed.

       3. First Amendment

Plaintiff lists the First Amendment as a basis for the constitutional violations referenced in the Complaint but does not articulate how Defendants allegedly violated his First Amendment rights.  This Court's careful review of the Complaint and corresponding motions determines that Plaintiff's only conceivable First Amendment arguments are: (1) a claim of retaliation premised upon Plaintiff's contention that he was not invited to interview again after he had complained, and (2) a claim that Plaintiff was deprived of his right to ask questions as to his non-selection for the BHS position.[8]

       In order to state a First Amendment retaliation claim, a government employee must show: (1) that he or she engaged in protected speech; (2) that the employer took adverse employment action; and (3) that his or her speech was a substantial or motivating factor for the adverse employment action.  Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003).  Plaintiff was not a DOE employee when he complained and, thus, Plaintiff cannot assert a First Amendment

---

[8] To the extent that Plaintiff's First Amendment claims are based on other grounds, the Court finds Plaintiff's claims incomprehensible.  As such, Plaintiff has failed to state a claim upon which relief could be granted for any such claims.

retaliation claim. Neither can DOE's decision to decline inviting Plaintiff to interview for the sixth time be construed as an adverse employment action because there was no employment. Finally, there is no authority supporting Plaintiff's proposition that there is a First Amendment requirement to interview a job applicant.

Next, Plaintiff vaguely alleges that he was deprived of his right to ask questions as to his non-selection for the BHS positions. Nothing in the record suggests that Defendants hindered Plaintiff's ability to inquire as to his non-selection. Consistent with his previous claims, Plaintiff presents no law supporting his argument. Thus, it is unclear how Plaintiff's allegation implicates the First Amendment. Plaintiff's alleged deprivation of his right to ask questions is purportedly premised on his "constitutional right of confrontation and cross-examination." (Pls.' Mot. in Opp'n at 10.) The rights referenced by Plaintiff are protected by the Sixth, not the First, Amendment. Plaintiff has not stated a First Amendment claim upon which relief may be granted.

To the extent Plaintiff's § 1983 claim is based on the First Amendment, Defendants' Motion is GRANTED and Plaintiff's claims are dismissed.

II. Section 1985 Claims

        Plaintiff apparently alleges a conspiracy between Defendants to deprive him of his constitutional rights pursuant to 42 U.S.C. § 1985(3).  For the reasons discussed in Section II, the Court has determined that there was no deprivation of constitutional rights here.  The Court further notes that Plaintiff has not set forth sufficient facts to raise even an inference of a conspiracy here.  As such, Plaintiff's § 1985 claim fails as a matter of law.  Defendants' Motion is therefore GRANTED and Plaintiff's § 1985 claims dismissed.

III.  State Claims

        A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law claims and state law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding.  United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).  A district court may decline to exercise supplemental jurisdiction, however, if the court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

        Because the Court has determined that Plaintiff's federal claims are substantively meritless, dismissal of Plaintiff's State law claims is appropriate.

The Court GRANTS Defendants' Motion and hereby dismisses Plaintiff's State law claims.

IV.  <u>Plaintiff's Motion for Partial Summary Judgment</u>

As set forth above, the Complaint fails to state any claim upon which relief could be granted and, resultingly, the Court dismissed Plaintiff's claims with respect to the instant Defendants.  The Court's careful review of the docket report for this case indicates that there are no active claims or Defendants remaining here.  Accordingly, the Court DENIES AS MOOT Plaintiff's MSJ.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss, and DENIES AS MOOT Plaintiff's MSJ.  Judgment shall issue accordingly.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 5, 2008.



_____
David Alan Ezra
United States District Judge

<u>Hernando v. Hamamoto et al.</u>, CV No. 07-00620 DAE-BMK; ORDER GRANTING DEFENDANTS GERALD OKAMOTO, FAY IKEI, AND LOVELYN CLARION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT