IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARIANO V. HERNANDO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PATRICIA HAMAMOTO, ) <br> KATHLEEN WATANABE, MARIE ) <br> LADERTA, CINDY INOUYE, ) <br> GERALD OKOMOTO, FAY IKEI, ) <br> SUSAN KITSU, MARIE ) <br> BURGHART, EILEEN KUPIHEA, ) <br> LOVELYN CLARION, IRIS ) <br> HENDERSON, KATHLEEN ) <br> O'MALLEY, PAULA WONG, ) <br> ERIC SHIMABUKURO, each ) <br> person being sued in her/his ) <br> individual capacity, JOHN DOE 1- ) <br> 50; JANE DOE 1-50; ) <br> DEPARTMENT OF EDUCATION ) <br> and DEPARTMENT OF HUMAN ) <br> RESOURCES DEVELOPMENT, for ) <br> equitable relief only, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 07-00620 DAE BMK |

ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER FOR
RELIEF FROM ORDERS ENTERED APRIL 29 AND AUGUST 5, 2008
PURSUANT TO RULE 60 FRCP, OR IN THE ALTERNATIVE,
<u>MOTION TO FILE A NEW OPENING BRIEF</u>

Pursuant to Local Rule 7.2(e), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Plaintiff's Motion for an Order for Relief From Orders Entered April 29 and August 5, 2008 Pursuant to Rule 60 FRCP, or in the Alternative, Motion to File a New Opening Brief ("Motion for Relief"). (Doc. # 37.)

<u>BACKGROUND</u>

The parties are familiar with the underlying facts of this case so the Court only recounts those necessary to its immediate determination. Plaintiff was employed as a Behavioral Health Specialist ("BHS") with the Department of Education ("DOE") from November 2001 to June 2003. Plaintiff's position was originally exempt from the State's civil service system but was converted to civil service in 2003, which resulted in Plaintiff's termination.

Between 2004 and 2006, Plaintiff applied for, but was denied, several BHS positions with DOE. On some of these occasions, Plaintiff was interviewed.

Subject to a DOE internal policy providing that an applicant may not be re-interviewed for a position if that applicant has been previously interviewed within the preceding six months, Plaintiff was not interviewed on other occasions. Instead, DOE considered Plaintiff's scores from previous interviews.

On December 26, 2007, Plaintiff filed his Complaint asserting various constitutional and statutory violations associated with the decision not to re-interview and hire him.  On February 6, 2008, Defendants DOE, the Department of Human Resources Development, Cindy Inouye, Paula Wong, Iris Henderson, Patricia Hamamoto, Kathleen O'Malley, and Susan Kitsu (collectively, "DOE Defendants") filed a motion to dismiss the Complaint.  (Doc. # 5.)  On March 17, 2008, Defendants Kathleen Watanabe, Marie Laderta, Aileen Kupihea, Alan Shimabukuro, and Marie Burghardt (collectively, "Watanabe Defendants") similarly filed a motion to dismiss.  (Doc. # 12.)

This Court held a hearing on the motions to dismiss on April 21, 2008.  On April 29, 2008, this Court granted both DOE Defendants and Watanabe Defendants' motions, finding that: (1) the applicable statute of limitations barred all of Plaintiff's claims premised upon events that occurred before December 27, 2005; and (2) Plaintiff's remaining § 1983 and § 1985 claims were meritless because Plaintiff could not establish a violation of his constitutional rights.  (Doc.

# 21.)  The Court also declined supplemental jurisdiction over Plaintiff's State law claims and dismissed those claims without prejudice.

On May 23, 2008, Defendants Gerald Okamoto, Fay Ikei, and Lovelyn Clarion (collectively, "Okamoto Defendants") filed a motion to dismiss. (Doc. # 24.)  Okamoto Defendants did not join in either of the two previous motions to dismiss because Plaintiff had not yet properly served them.  On July 23, 2008, Plaintiff filed a motion for partial summary judgment.  (Doc. # 30.)  On August 5, 2008, this Court granted Okamoto Defendants' motion to dismiss, and denied as moot Plaintiff's motion for partial summary judgment.  (Doc. # 35.)  In that order, this Court restated the same grounds for dismissal as the previous April 29 order.  On August 6, 2008, judgment was entered against Plaintiff as there were no claims remaining in the action.

Plaintiff, pro se, filed the instant Motion for Relief on April 29, 2009 (Doc. # 37), as well as supplemental exhibits on May 15, 2009 (Doc. # 38). Defendants filed a brief in opposition on May 21, 2009 (Doc. # 39), to which Plaintiff filed a reply on May 28, 2009 (Doc. # 40).  Plaintiff then filed two supplemental memoranda without leave of the Court on June 2 and June 8, 2009 (Docs. # 41 and # 42).  Defendants filed an objection to Plaintiff's supplemental memoranda on June 12, 2009, and filed an amended objection on the same day

(Docs. # 43 and # 44).  Plaintiff, again without leave of the Court, filed a reply to Defendants objection on June 17, 2009.  (Doc. # 45.)

## STANDARD OF REVIEW

Plaintiff has titled his motion as a "Motion for an Order for Relief from Orders Entered April 29 and August 5, 2008 Pursuant to Rule 60, FRCP, or in the alternative, Motion to File New Opening Brief."  As Plaintiff is proceeding pro se, this Court finds that Plaintiff's motion is best addressed as a motion for reconsideration.  Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id.  (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)).  "[B]efore dismissing a pro se civil rights complaint for

failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

Federal Rules of Civil Procedure 60(b) provides that the court may grant reconsideration and relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). However, "[t]he procedure provided by rule 60(b) is not a substitute for an appeal." Twentieth Century Fox-Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (citation omitted).

A motion for reconsideration based on the discovery of new evidence requires the moving party to show that the evidence was newly discovered or unknown until after the hearing, and that they could not with reasonable diligence have discovered and produced such evidence at the hearing. Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985) (citation omitted).

"Evidence is not newly discovered if it was in the party's possession at the time of . . . judgment or could have been discovered with reasonable diligence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 n.6 (9th Cir. 1994). "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (citation omitted).

A party moving under FED. R. CIV. P. 60(b)(3) for misconduct of an adverse party "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and . . . [that] prevented the losing party from fully and fairly presenting its defense" in order to prevail. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000). Moreover, Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." De Saracho, 206 F.3d at 880 (citing In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987)). The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v.

Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. Mere disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

## DISCUSSION

Plaintiff seeks reconsideration of this Court's orders dismissing Defendants on two grounds: (1) excusable neglect of the Ninth Circuit's heightened pleading standard, and (2) new evidence fraudulently withheld by counsel of the Merit Appeals Board, State of Hawaii.[1] For the reasons

---

[1] This Court recognizes that Plaintiff submitted briefs in this motion far in excess allowed by LR 7.4, and that Defendants have objected to these briefs and have moved to strike them. However, Plaintiff is proceeding pro se, and his latter filings demonstrate that he does not fully comprehend LR 7.4. More importantly, Plaintiff's supplemental briefs do not unduly prejudice Defendants, as they do not present new arguments or defenses, or more effectively persuade this Court.

(continued...)

discussed below, neither of these grounds provides sufficient justification for reconsideration.

Plaintiff's first argument for reconsideration is under FED. R. CIV. P. 60(b)(1) and is based on his "excusable neglect" of the Ninth Circuit's heightened pleading standard. Specifically, Plaintiff claims that he should be excused for his "ignorance of the heightened pleading standard of the Ninth Circuit . . . when qualified immunity is pleaded in the answer."[2] (Doc. # 41 at 1.) Even assuming that this ignorance is excusable, excusing it does not affect this Court's reasoning in the previous orders because each of Plaintiff's claims were dismissed on multiple, separate, and sufficient grounds. Plaintiff himself acknowledges this and argues in the alternative for reconsideration based on new evidence and fraud. This Court therefore rejects Plaintiff's claim for reconsideration based on excusable neglect.

Plaintiff's second argument regarding new evidence, although unclear, appears to be comprised of the following facts: (1) Plaintiff has filed an action

---

[1](...continued)
Accordingly, these briefs will be considered filed with the leave of this Court.

[2] This Court notes however that no obvious assertion of qualified immunity appears in the previous pleadings, but assumes Plaintiff refers either to Defendant's assertion of State Immunity, or to his failure to adequately plead the requisite personal participation of Defendants under his 42 U.S.C. § 1983 claim.

similar to the instant one in State Court ("State Action"), (2) in the State Action, Merit Appeals Board, State of Hawaii ("MAB") appeared as one of the named defendants, (3) MAB successfully moved to dismiss all of Plaintiff's claims against it, (4) MAB sought judgment in its favor but was denied, (5) this denial is represented in a document submitted as an exhibit by Plaintiff in the instant action ("Document"), and, (6) counsel for MAB failed to share the Document with Plaintiff after it was filed.[3]

Based on these facts, Plaintiff moves for reconsideration on the grounds that the Document constitutes newly discovered evidence, and that the failure to share the Document constitutes fraud on the part of MAB and its counsel. However, Plaintiff's reliance on the Document, both as new evidence and as proof of fraud, is misplaced. For the reasons discussed below, this Court finds that Plaintiff's claims are without merit.

First, Plaintiff has not shown why the Document from the State Action is relevant to the instant action, as there is no relation between the two actions other than similar underlying claims. Even if the instant action were related to the State Action, MAB is not, and never has been, a defendant in the

---

[3] Although Plaintiff and Defendants differ in their interpretation of the significance of the Document, neither party appears to dispute the underlying facts and procedural history surrounding it.

instant action.[4]  As far as this Court is concerned, Plaintiff's claims against MAB in the State Action are immaterial to a motion for reconsideration in this Court.

Second, the Document does not constitute newly discovered evidence because Plaintiff knew of it when he filed his complaint in the instant action.  The Document, as Plaintiff himself submits, includes Plaintiff's signature as well as a State clerk of court's timestamp dated December 17, 2007.  (Doc. # 37 at Ex. A.)  Plaintiff filed his complaint in the instant action over a week later, on December 26, 2007.  Plaintiff claims however that he "only obtained a copy of that [D]ocument after repeated requests" from the opposing counsel.  (Doc. # 31 at 1.)  Even accepting this as true, it does not excuse Plaintiff's failure to mention or reference the Document earlier in the instant action.[5]  Moreover, once it was filed with the clerk of court on December 17, it presumably became a public record in that clerk's office.  Because Plaintiff did not exercise the necessary due diligence

---

[4] This Court notes that Plaintiff included "John Doe 1-50" and "Jane Doe 1-50" as defendants in the instant action.  However, Plaintiff did not include any similar "Doe" designated State Entities, Corporations, or Agencies.  Morever, at no point in the instant motion does Plaintiff seek permission to amend his complaint to include MAB as a defendant, nor does Plaintiff explain why MAB would be relevant to this Court's reconsideration of its previous orders.

[5] Indeed, if Plaintiff believed this Document to be beneficial to his claims, it should have been mentioned in his complaint or its supporting memoranda, regardless of whether he had possession of the Document.

to obtain a copy from the court, he cannot now claim the Document as newly discovered evidence.  See Frederick, 764 F.2d at 609; Wallis 26 F.3d at 892 n.6.

Additionally, Plaintiff seemingly fails to understand the significance of the Document when he claims it is evidence favorable to Plaintiff's case.  In the State Action, defendant MAB successfully moved to have all of Plaintiff's claims against it dismissed.  MAB then sought a judgment against Plaintiff.  This judgment was denied apparently because of pending claims against other parties in the action, but in no way represented a judgment on the merits in favor of Plaintiff.  This Court fails to comprehend how the denial of a state court judgment sought by MAB affects Plaintiff's claims against the named Defendants in the instant action.  Accordingly, Plaintiff's claim that the Document constitutes newly discovered evidence is without merit.

For many of the same reasons, Plaintiff fails to adequately support his fraud claim.  Even if Plaintiff had been unable to obtain the Document and assuming it could be considered beneficial to Plaintiff's claims, Plaintiff has not demonstrated how these facts would constitute fraud on the part of Defendants or their counsel in the instant action.  Put another way, even assuming all of Plaintiff's facts and allegations are true and an unlawful or unethical concealment of the Document occurred, the party responsible would be MAB and their counsel,

Corporation Counsel for the City and County of Honolulu ("Corporation Counsel").[6]  Neither MAB nor Corporation Counsel is a party to the instant Federal action, and thus are not considered "adverse parties" as required by FED. R. CIV. P. 60(b)(3).  See also, In re Grantham Bros., 922 F.2d 1438, 1442-42 (9th Cir. 1991). Whether or not MAB and Corporation Counsel committed fraud in the State Action is immaterial to a motion for reconsideration in the instant action.

        As best as can be determined, Plaintiff's motion and supporting memoranda appear to contain no additional grounds for reconsideration of this Court's previous orders.  Plaintiff merely reiterates the same arguments he made in his complaint, which this Court has already ruled on and dismissed.  As Plaintiff has failed to provide a sufficient reason for why this Court should reconsider its previous orders, Plaintiff's motion is DENIED.

        Because it is clear that no amendment to the complaint could cure its deficiencies, Plaintiff will not be granted leave to amend his complaint.  For the same reason, Plaintiff will not be granted leave to file a new opening brief.

---

[6]  This Court wishes to make clear it is only assuming Plaintiff's allegations for the purposes of deciding this motion, and is not suggesting that MAB or Corporation Counsel has committed any ethical transgressions.  Indeed, even as alleged, neither MAB nor Corporation Counsel's conduct appears to rise anywhere near the threshold required to constitute fraud.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for an Order for Relief From Orders Entered April 29 and August 5, 2008 Pursuant to Rule 60, FRCP, or in the Alternative, Motion to File a New Opening Brief.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 2, 2009.



_____
David Alan Ezra
United States District Judge

Hernando v. Hamamoto et al., CV No. 07-00620 DAE-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER FOR RELIEF FROM ORDERS ENTERED APRIL 29 AND AUGUST 5, 2008 PURSUANT TO RULE 60 FRCP, OR IN THE ALTERNATIVE, MOTION TO FILE A NEW OPENING BRIEF